**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride (SBN: 297557)
ryan@kazlg.com
4455 E. Camelback Road, Suite C250
Phoenix, Arizona 85018
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Alan Gudino (SBN: 326738)
alan@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Facsimile: (800) 520-5523

Attorneys for Plaintiff
BRIAN JOHNSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| BRIAN JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> PENN FOSTER, INC., <br><br> Defendant. | Case No. 2:21-cv-09647 <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> **(1) THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.; AND** <br> **(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788 ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has recognized the need to protect the privacy of consumers and to reduce public safety risks associated with receiving unwanted telemarketing and debt-collection calls. As such, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers from abusive calling practices.

2. Meanwhile, the California legislature has determined that the banking and credit system, and that the grantors of credit to consumers, are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and to the sound extensions of credit to consumers. For this reason, the Legislature determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Brian Johnson ("Plaintiff"), through his attorneys, brings this Complaint against Penn Foster, Inc. ("Defendant" or "Penn Foster") for its violations of the TCPA, 47 U.S.C. §§ 227 et seq., in negligently, knowingly and/or willfully transmitting unsolicited, autodialed calls using an artificial or pre-recorded voice to Plaintiff's cell phone without Plaintiff's consent. Furthermore, Plaintiff alleges that Penn Foster violated California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 et seq., by attempting to unlawfully and abusively collect a debt due and/or owed by Plaintiff.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all of its agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

6. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the TCPA.

8. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction to adjudicate the alleged violations of the Rosenthal Act.

9. This Court has personal jurisdiction over Penn Foster because Penn Foster directed its unlawful calls and collection practices at Plaintiff, a California resident.

10. Venue is also proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County, California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Penn Foster conducted business within this judicial district at all times relevant.

11. More specifically, Penn Foster abusively sought to collect a debt and invaded Plaintiff's privacy by contacting Plaintiff on his cell phone, which occurred while Plaintiff was located in Los Angeles County.

## PARTIES & DEFINITIONS

12. Plaintiff is an individual residing in Los Angles, California, and he is, and at all times mentioned was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g). Additionally, Plaintiff is, and at all times mentioned was, a "debtor" as the term is defined in Cal. Civ. Code § 1788.2(h).

13. Upon information and belief, Penn Foster is, and at all times mentioned herein, was a corporation incorporated in Arizona.

///

14. Upon information and belief, Penn Foster has a principal place of business at 925 Oak Street, Scranton, PA 18515.

15. Upon information and belief, Penn Foster is a parent corporation of Penn Foster College, and at all times relevant, Penn Foster directed Penn Foster College's activities.

16. Penn Foster, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b). Accordingly, Penn Foster is a "debt collector," as that term is defined by Cal. Civ. Code § 1788.2(c) and a "creditor," as defined in Cal. Civ. Code § 1788(i).

17. Penn Foster is, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g).

18. This matter involves a "consumer credit transaction" *i.e.*, a transaction between Plaintiff and Penn Foster (or its subsidiaries), in which property or money was acquired on credit primarily for personal, family, or household purposes. *See* Cal. Civ. Code § 1788.2(e).

19. This case also involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

20. Sometime prior to June 4, 2021, Plaintiff allegedly incurred some financial obligations owed to Penn Foster or its subsidiaries over certain registration fees. These obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another, and were therefore "debt(s)" as defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

///

///

21. On or about June 4, 2021, Penn Foster contacted Plaintiff on a recorded line in an attempt to collect on the alleged registration fees balance, which amounted to approximately $139.25.

22. That same day, Plaintiff orally informed the Penn Foster representative that he wished to stop receiving communications from Penn Foster.

23. Four days later, on June 8, 2021, Penn Foster representative Carol Kozuck wrote to Plaintiff regarding his account, and she offered to lower the registration fees allegedly owed to $120 if Plaintiff paid that day. Plaintiff did not pay the alleged registration fee balance.

24. On June 12, 2021, Plaintiff received a phone call to his cell phone from the number 415-360-9401. Plaintiff did not answer the phone, but the caller left a voicemail, which Plaintiff's phone transcribed as: "This message is from Penn Foster in regards to a personal business matter. Please call 1-800-548-0603 Monday through Friday between the hours of 9 AM to 6 PM Eastern standard time. It is important that you contact us to discuss this matter. Again, the phone number is 1-800-548-0603. Thank you."

25. In an attempt to unequivocally revoke any prior consent he had given to be contacted by Penn Foster, Plaintiff drafted a letter dated June 14, 2021 in which he again requested that Penn Foster "Please Cease & Desist all communications with me regarding the account." Sometime shortly after drafting the letter, Plaintiff mailed it to Penn Foster at 925 Oak St., Scranton, PA 18515.

26. On June 15, 2021, Plaintiff again received a phone call to his cell phone from the number 415-360-9401. Plaintiff again did not answer the phone, but the caller left a voicemail, which Plaintiff's phone transcribed as: "This message is from Penn Foster in regards to a personal business matter. Please call 1-800-548-0603 Monday through Friday between the hours of 9 AM to 6 PM Eastern standard time. It is important that you contact us to discuss this matter. Again, the phone number is 1-800-548-0603. Thank you."

27. On July 26 and July 27, 2021, Plaintiff received two more calls to his cell phone from the number 415-360-9401. Again, Plaintiff did not answer the calls, but the caller left the same voicemail it left on June 12 and June 15.

28. On July 27, 2021, Plaintiff wrote back to Ms. Kozuck at stuserv@pennfoster.com to inform her that he had received a call from a Penn Foster representative on June 4, 2021 about his account, and that he had asked the representative to stop contacting him about the account. Plaintiff also informed Ms. Kozuck that he had mailed a letter to Penn Foster on or about June 14, 2021, similarly requesting that Penn Foster stop contacting him about the account.

29. Plaintiff nevertheless received two calls from the 415-360-9401 number the following day. The caller left the same voicemail as the June 12, June 15, July 26, and July 27 voicemails.

30. After all of Plaintiff's efforts to stop Penn Foster from contacting him, Plaintiff received three more calls from the 415-360-9401 number: two on July 29, 2021 and another on July 30, 2021.

31. In continuing to contact Plaintiff despite Plaintiff's written request that Penn Foster stop its communications, Penn Foster violated 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.

32. Moreover, 15 U.S.C. § 1692d, which is also incorporated in the Rosenthal Act, provides: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Here, Penn Foster's numerous calls to Plaintiff were designed to harass Plaintiff, even after Plaintiff had requested that Penn Foster stop contacting him.

34. Upon information and belief, the calls Penn Foster made to Plaintiff were made using an artificial or pre-recorded voice, as prohibited under 47 U.S.C. § 227(b)(1)(A).

///

35. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

36. The telephone number Penn Foster called was assigned to a cell phone service for which Plaintiff incurs a charge for a cell phone service.

37. The calls to Plaintiff were not made for an emergency purpose, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

*38*. After Plaintiff mailed a written request to Penn Foster specifically requesting that Penn Foster stop contacting him, Plaintiff effectively revoked his consent to receive calls from Defendant. *See Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1047 (9th Cir. 2017) (holding that consumers may revoke their prior express consent to be contacted).

39. Penn Foster's calls to Plaintiff's cell phone were therefore unsolicited by Plaintiff and were placed after Plaintiff had properly revoked consent. Therefore, Penn Foster did not have "prior express consent" to call Plaintiff using an artificial or a pre-recorded voice.

40. As a direct and proximate result of Penn Foster's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, attorneys' fees, mental and emotional pain and anguish caused from the harassment. Plaintiff spent time writing to Penn Foster after Penn Foster's repeated attempts to contact him to collect a debt.

41. Due to Penn Foster's frequent and ongoing violations of the law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

///

///

///

# CAUSES OF ACTION

## COUNT I

### NEGLIGENT VIOLATION OF THE TCPA

### 47 U.S.C. §§ 227 et seq.

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

43. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. §§ 227 et seq. Penn Foster's repeated automated calls to Plaintiff using an artificial or a pre-recorded voice without prior express consent violate Section 227(b)(1)(A).

44. As a result of Penn Foster's negligent violations of 47 U.S.C. § 227, Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

45. As a result of Penn Foster's negligent violations of 47 U.S.C. § 227, Plaintiff is also entitled to an award of $500 in statutory damages for each violation by Penn Foster, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA

### 47 U.S.C. §§ 227 et seq.

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

47. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. §§ 227 et seq. Penn Foster's repeated automated calls to Plaintiff—particularly when Plaintiff requested that Penn Foster cease contacting him—using an artificial or a pre-recorded voice without prior express consent violate Section 227(b)(1)(A).

///

48. As a result of Penn Foster's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

49. As a result of Penn Foster's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is also entitled to an award of $1,500 in statutory damages for each violation by Penn Foster, pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788 ET SEQ.

50. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

51. The foregoing act and omissions constitute numerous and multiple violations of the Rosenthal Act.

52. As a result of every violation by Penn Foster of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in an amount of up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded damages from Defendant, as follows:

- An award of $500 in statutory damages to Plaintiff for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Penn Foster, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An award of $1,500 in statutory damages to Plaintiff for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Penn Foster, pursuant to 47 U.S.C. § 227(b)(3)(C);

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);
- Pre-judgment and post-judgment interest;
- An order providing injunctive relief prohibiting Penn Foster's conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

53.  Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff demands a trial by jury of any and all triable issues.

Dated: December 13, 2021

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By  */s/ Ryan L. McBride*
RYAN L. MCBRIDE
ALAN GUDINO

Attorneys for Plaintiff
BRIAN JOHNSON